## Kleckner's Estate.    Markel's Appeal.

*Assigned estate—Sale by order of court—Act of 1876.*

The court will not, under the Act of Feb. 17, 1876, P. L. 4, order a sale of real estate by an assignee for benefit of creditors where the order will merely substitute the assignee for the sheriff as the agent of the law to make the sale without benefiting any one; as where the assignor's interest in the real estate is equitable and is encumbered for an amount clearly in excess of what it could bring at the assignee's sale.

Argued May 24, 1892.    Appeal, No. 56, July T., 1892, by Jacob L. Markel, assignee for benefit of creditors of Jacob H. Kleckner's Estate, from decree of C. P. Perry Co., Jan T., 1892, No. 299, refusing order of sale.    Before Paxson, C. J., Sterrett, Green, Williams, McCollum and Mitchell, JJ.

The facts appear by the opinion of the Supreme Court.

*W. H. Sponsler*, for appellant, cited Pauley's Est., 1 Adv. R. 717.

*Lewis Potter*, for appellee.—Act 1876 does not apply.

Per Curiam, July 13, 1892.

This was a petition in the court below by a voluntary assignee for the benefit of creditors for an order to sell assigned real estate, under the provisions of the Act of 17th of February, 1876, upon such terms as the court shall deem for the manifest interest of creditors, etc., and for a stay of execution upon all liens which may be divested by said sale until said order shall be expended or revoked.

The application for said order was resisted by one of the lien creditors of the assignor, upon the ground that the lien held by him contains a waiver of the stay of execution. The court below sustained this contention upon the authority of White v. Crawford, 84 Pa. 433; Tomlinson's Appeal, 90 Pa. 224, and other cases. We need not discuss the question how far the authorities cited by the learned judge sustain his position. Upon the merits the order was properly refused. We do not think it was a case for the application of the Act of 1876. The assignor had no legal interest in the real estate in question. He had at most an equitable interest and that was small. It was alleged, and not denied, that the liens upon the equitable

title far exceeded any amount the assignor's interest would bring at an assignee's sale. Under these circumstances, the order would merely have substituted the assignee for the sheriff as the agent of the law to make said sale, without benefiting any one, unless it be the assignee himself.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.